Patrick Sharpless, *Plaintiff, pro se*
11700 W. Charleston Blvd.
Ste. 170-207
Las Vegas, NV 89135
(925)872-1617

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATRICK SHARPLESS<br><br>*Plaintiff*,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES LLC, CAPITAL ONE FINANCIAL CORPORATION, AND DOE'S #2 – 5<br><br>*Defendants*. | Case Number:<br>2:15-cv-00616-APG-(CWH)<br><br>RULE 26(f) REPORT SUBMITTED IN COMPLIANCE WITH LR 26-1(d)<br>SPECIAL SCHEDULING REQUESTED |

Plaintiff Patrick Sharpless, *pro se*, submits the following Rule 26(f) report requesting consideration for his concerns:

1.  Meeting.  Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a call was held on May 21, 2015 between Plaintiff, Patrick Sharpless ("*Plaintiff*"), Bradley Austin, local counsel for *Equifax* of the law firm of Snell & Wilmer, L.L.P., and Charles Campbell, national counsel for *Equifax* of the law firm King & Spalding LLP (the "*Defendant*") (and collectively, the "*parties*").  Also present for the conference call was local counsel for yet to be named defendant, Capital One

Bank (USA), N.A., ("*Capital One, the subsidiary*"), Mr. Brandon Fernald of the law firm Fernald Law Group, national counsel for yet to be named defendant, *Capital One, the subsidiary*, Mr. Hunter Eley and Maggie McHugh-Sivore of the law firm Doll Amir and Eley LLP.  **Absent** from the meeting was anyone representing named defendant, *Capital One Financial Corporation*.

2.    This was Plaintiff's first opportunity to confirm his suspicions that Mr. Fernald, who answered the Small Claims complaint on April 3, 2015 on behalf of named defendant *Capital One Financial Corporation*, in fact represents an unnamed party.  Answering a complaint for the parent company when representing the subsidiary, raises many questions, and causes many consequences.  One of those consequences is, the named defendant, *Capital One, the parent*, was never served the *Summons* issued by the Small Claims Court; Mr. Fernald did.  When defendant *Equifax* filed removal documents, they were incomplete; Mr. Fernald's Answer to the complaint, filed on behalf of *Capital One, the parent*, was never introduced to the U.S. District Court.  Consequently, *Capital One, the parent*, never filed a "*Statement of removed action*", or participated in the "*Joint Status Report*" regarding removed action.  Even this court placed Mr. Fernald on the docket as Counsel for defendant, *Capital One Financial Corporation*.

3.    Plaintiff made numerous attempts to reach Mr. Fernald by phone and on one occasion, on or about April 28, 2015, was successful.  Upon inquiry, Mr. Fernald gave the impression he was representing the named defendant, *Capital One, the parent*.  He even filed with this court a "*Notice of Appearance*" on behalf of *Capital One Financial Corporation*.  Plaintiff sent many items to Mr. Fernald by U.S. Mail to the address of record, most, if not all, was returned undeliverable.

4.      After extensive investigation, Plaintiff concluded *Capital One, the parent*, was managing to remain absent in this proceeding because Mr. Fernald ran interference and prevented the parent from receiving a *Summons*. To be clear, Plaintiff can't say with absolute certainty this is the case, but Plaintiff has compelling reasons to believe it is.

5.      As a consequence to named defendant *Capital One, the parent*, remaining absent from this proceeding, for the apparent reason they never received a *Summons*, it is now inexplicable how or why the unnamed defendant *Capital One, the subsidiary*, would participate in the Rule 26(f) meeting today since they are not, as of yet, a named party in this proceeding. In other words, Mr. Fernald and his national counsel are present in this matter when they want to shape the proceedings, as a non-party, but absent when filings are required, or mail is delivered, or phone calls are placed.

6.      In addition to serving a Summons on *Capital One, the parent*, Plaintiff has also served a "*Motion for Leave to File a Third Amended Complaint*", naming DOE #2 as, *Capital One, the subsidiary*. This will be filed as soon as Proof-of-Service is returned.

7.      Since named defendant *Capital One, the parent*, was served a *Summons* on May 12, 2015, it is expected they will respond no later than June 2, 2015. Plaintiff hereby moves this Court to compel *Capital One, the parent*, to respond immediately. Plaintiff also requests this court to extend the deadline for filing the Rule 26(f) report until *Capital One, the parent* and *subsidiary*, are both present for the meeting, and fully joined in this proceeding. Plaintiff also requests this Court to order all parties to appear for a hearing on these matters, and to complete the Rule 26(f) meeting before this Court. On information and belief, Plaintiff is concerned *Capital One, the subsidiary*, is seeking to clawback the

Small Claims Answer filed by Mr. Fernald, thereby removing evidence that this proceeding has been contaminated with foul play, or other related matter. If this belief proves true, Plaintiff wants sanctions imposed for unjust interference, and strict orders from this Court that all parties will act in good faith at all times going forward. Plaintiff also believes joint responses are untenable unless and until all defendants reserve a sufficient length of time for meetings, and preliminary documents are circulated with sufficient time to have them reviewed; certainly more than 30 minutes prior to any meeting. On a personal matter, Plaintiff received word today that his father passed away in the morning.

8. Plaintiff believes in good faith the following is an accurate representation of the Rule 26(f) meeting today, and submits this report independently:

9. **I. DISCOVERY PLAN.** The parties propose to the Court the following discovery plans:

    A. <u>Subject of Discovery</u>. Discovery will be needed on the following subjects: All matters relevant to the subject matter of the action.

    B. <u>Discovery Cut-Off Dates</u>.

        1. **Defendants' Position**: Defendants believe discovery will take 180 days, measured from April 3, 2015, which is the first date a defendant responded or otherwise appeared in the case. Defendants therefore propose a discovery cutoff date of October 5, 2015.

        2. **Plaintiff's Position**: Plaintiff believes discovery should commence after all named defendants are properly joined in this action and fully participate in the Rule 26(f) meeting. The answer filed on April 3, by Mr. Fernald, was filed by a non-party. This resulted in an absent party who was never summoned.

Because suspected foul play interfered with a Summons being served, tolling should apply.  This tolling is appropriate because of the complicated circumstances surrounding a non-party filing an answer to a complaint against the parent company of the non-party, and the named party never receiving a Summons due to the improperly filed answer.

Plaintiff has been hoodwinked into believing the named defendant was joined in this action; and so has this Court.

C.  <u>Disclosure of Experts</u>.  Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2).

   1.  **Defendants' Position:**

      a)  The disclosure of experts and expert reports shall occur on August 5, 2015, which is 60 days before the discovery cut-off date; and

      b)  The disclosure of rebuttal experts and their reports shall occur on September 8, 2015, which is 30 days before the discovery cut-off date.

   2.  **Plaintiff's Position:**

      a)  The disclosure of experts and expert reports shall occur 60 days before the discovery cut-off date.  This date would depend on when *Capital One, the parent*, is properly enjoined in this proceeding.  If *Capital One, the parent* was enjoined on June 2, 2015, tolling April 3 to June 2, would amount to a 60 day toll; this would move the 180 day discovery cut-off date to November 29, 2015 (which is a Sunday).  This would move the date for

disclosure of expert witnesses to October 1, 2015.

b) The disclosure of rebuttal experts and their reports shall occur 30 days before the discovery cut-off date. Using the previous example of June 2, 2015, and a cut-off date of November 30, disclosure of rebuttal experts and their reports shall occur on October 31 (which is a Saturday), making disclosures of rebuttal experts and their reports due on November 2, 2015.

D. Initial Disclosures. Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties must serve their initial disclosures within (14) days of the Rule 26(f) conference.

1. **Defendants' Position:** Defendant's believe June 4, 2015 is the deadline for initial disclosures, based on the May 21, meeting.

2. **Plaintiff's Position:** A named party failed to appear at the May 21, 2015 Rule 26(f) meeting. A non-party did attend. The circumstances surrounding the missing party and the non-party are suspicious at least. For the foregoing reasons, this meeting should be forestalled and the deadline for filing a Rule 26(f) report should be tolled for 60 days as described above (assuming *Capital One, the parent*, enjoins this proceeding on June 2, 2015).

E. Amending the Pleadings and Adding Parties.

1. **Defendants' Position:** The parties have until July 6, 2015, to file any motion to amend the pleadings or to add parties. This is (90) days before the discovery cut-off date and does not exceed the outside limit LR 26-1(e)(2) presumptively sets for (90) days before the discovery cut-off date of filing such motions.

2. **Plaintiff's Position:**  For the reasons stated above, assuming Capital One, the parent, is enjoined on June 2, 2015, with a 60 day toll, and a discovery cut-off date of November 30, 2015, this makes the deadline for amending the pleadings and adding parties September 1, 2015.

F. Interim Status Report.

1. **Defendants' Position:**  The parties shall file the interim status report required by LR 26-3 by August 5, 2015.  Defense Counsel for Equifax certifies that they have read LR 26-3 and that this date is not later than (60) days before the discovery cut-off date.

2. **Plaintiff's Position:**  The parties shall file the interim status report required by LR 26-3 not later than (60) days before the discovery cut-off date.  Plaintiff certifies he has read LR 26-3.  Based on the foregoing assumptions, *Capital One, the parent* enjoins this action on June 2, 2015, discovery cut-off date of November 30, 2015, this makes the deadline for the Interim Status Report October 1, 2015.

G. Dispositive Motions.

1. **Defendants' Position:**  The parties shall have until November 5, 2015, to file dispositive motions.  This is (30) days after the discovery cut-off date and does not exceed the outside limit of (30) days following the discovery cut-off date that LR 26-1(e)(4) presumptively sets for filing dispositive motions.

2. **Plaintiff's Position:**  The date for filing dispositive motions shall be not later than (30) days after the discovery cut-off date.  Based on the foregoing assumptions, *Capital One, the parent*

enjoins this action on June 2, 2015, discovery cut-off date is November 30, 2015, this makes the deadline for filing dispositive motions December 30, 2015.

H. <u>Settlement.</u>  The parties agree to negotiate in good faith in an attempt to resolve the case.

I. <u>Pretrial Order.</u>

    1. **Defendants' Position:**  The pretrial order shall be filed by December 7, 2015, which is not more than (30) days after the date set for filing dispositive motions in the case.  This case is suspended if the dispositive motions are timely filed.  The disclosures required by FRCP 26(a)(3) shall be made in the joint pretrial order.

    2. **Plaintiff's Position:**  The joint pretrial order shall be filed not later than (30) days after the date set for filing dispositive motions. Based on the foregoing assumptions, *Capital One, the parent* enjoins the action on June 2, 2015, Discovery cut-off date is November 30, 2015, deadline for filing dispositive motions is December 30, 2015 and the deadline for the joint pretrial order shall be filed not later than January 29, 2015.

J. <u>Court Conference.</u>

    1. **Defendants' Position:**  Defendants do not request a conference with the Court before entry of the scheduling order.

    2. **Plaintiff's Position:**  Plaintiff believes the court should investigate the history of these proceedings and determine the appropriateness of proceeding in the absence of a named defendant; particularly under the nature of these circumstances.

K. <u>Later Appearing Parties.</u>

    1. **Defendants' Position:** A copy of this discovery plan and scheduling order shall be served on any person served, after it is entered, or, if an additional defendant should appear, within (5) days of their first appearance. This discovery plan and scheduling order shall apply to such later-appearing parties, unless the Court, on motion and for good cause shown, orders otherwise.

    2. **Plaintiff's Position:** Plaintiff is concerned *Capital One, the parent,* never appeared in this proceeding, but imposters did. Plaintiff is concerned unnamed defendants, impersonating named defendants, appeared in the Rule 26(f) meeting; even before being named in this proceeding. Plaintiff is concerned the absence of *Capital One, the parent*, and the presence of *Capital One, the subsidiary*, is reason enough to forestall these proceedings long enough to ascertain what is going on, and enjoin *Capital One, the parent*. Aside from these concerns, Plaintiff agrees with the serving of a copy of this this discovery plan and scheduling order on any person served, after it is entered, or, if an additional defendant should appear, within (5) days of their first appearance. This discovery plan and scheduling order shall apply to such later-appearing parties, unless the Court, on motion and for good cause shown, orders otherwise.

L. <u>Extension or Modification of the Discovery Plan and Scheduling Order.</u>

    1. **Defendants' Position:** LR 26-governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made not later than (21) days before

|  |  |
|---|---|
| 1 | the expiration of the deadline sought to be extended.  *See* LR 26-4. |
| 2 | 2. **Plaintiff's Position:**  LR 26 governs modifications or extensions |
| 3 | of this Discovery Plan and Scheduling Order.  A request made after |
| 4 | the expiration of the subject deadline shall not be granted unless |
| 5 | the movant demonstrates that the failure to act was the result |
| 6 | of excusable neglect. |
| 7 | M. <u>Clawback Agreement.</u> |
| 8 | 1. **Defendants' Position:**  In the event that any party (the |
| 9 | "Discloser") produces material or documents without intending to |
| 10 | waive any claim of privilege or confidentiality if, within a reasonable |
| 11 | amount of time after the Discloser actually discovers that such |
| 12 | material or documents were produced, the Discloser notifies all |
| 13 | other parties (the "Recipient(s)") of the inadvertent disclosure of |
| 14 | privileged or confidential items, identifying the material or |
| 15 | documents produced and stating the privilege or confidentiality |
| 16 | provision asserted.  Mere failure to diligently screen documents |
| 17 | before producing them does not waive a claim of privilege or |
| 18 | confidentiality. |
| 19 | If the Discloser asserts that it inadvertently produced privileged or |
| 20 | confidential items in accordance with this Clawback Agreement, |
| 21 | the Recipient(s) must return the specified material or documents |
| 22 | and any copies within ten days of the notification.  The Recipient(s) |
| 23 | must further permanently destroy any electronic copies of such |
| 24 | specified material or documents and affirm in writing to counsel for |
| 25 | the Discloser of such destruction. |
| 26 | In the event that the Recipient(s) contends the documents are not |

subject to privilege or confidentiality as asserted by the Discloser in accordance with this Clawback Agreement, the Recipient(s) may, following the return and destruction described in Paragraph 2 of this Agreement, challenge the privilege claim through a Motion to Compel or other pleading with the District Court in which the Litigation is currently pending.  The parties agree that any review of items by the judge shall be an *in camera* review.

Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality, or should the presiding judge determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in the Litigation or against the Discloser in any future litigation or arbitration brought by the Recipient(s). Nothing contained within this Clawback Agreement shall be deemed to waive any objection that any party may wish to assert under applicable state or federal law.

2. **Plaintiff's Position:**  Plaintiff doesn't agree with the Clawback Agreement.  If someone did release documents that were privileged or confidential, then a motion should be made to seek protection.  This motion would be made on a case-by-case basis.  If it is determined protection applies, and any material or document was to be returned to the Discloser, the Discloser should be liable to the Recipient for any damages caused for having to return documents.  Plaintiff's fees and costs are in excess of $60,000, to date.  If Plaintiff is forced to return material or documents that interfere with the outcome of his case, because the Discloser

failed to screen material or documents prior to releasing them, the Discloser should be sanctioned the fees and costs associated with Plaintiff's litigation.  Also, Plaintiff should be held harmless for relying on any documents deemed to be protected. If a motion results in determining material or documents are protected in this proceeding, the material or documents should be inadmissible in this proceeding; not returned to the Discloser and or destroyed.  Any material or document that is deemed inadmissible in this proceeding may be relevant or admissible in another proceeding.  Plaintiff shouldn't bear the burden of the negligence of others, nor prohibited from seeking a remedy or justice in any appropriate venue.

N. <u>Service of Paper and Pleadings.</u>  All pleadings, motions and other papers that are filed with the Court will be distributed to the parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service.  In addition, the parties agree that each shall serve by e-mail or U.S. Mail, all discovery requests, written responses, and any other papers that are not filed with the Court, which shall be treated as if served by mail under Fed. R. Civ. P. 5(b)(2)(C), (E),& (F) and for time computation purposes under Fed. R. Civ. P.6(d).  The serving party shall attach any e-mail pleading or paper in "portable document format" (.pdf) or other commonly used electronic file.  For purposes of calculating response deadlines, any e-mailed document will be treated as having been sent via regular mail.  Parties agree e-mail is the preferred method

        for distributing documents, but if any problems exist such as document size in an e-mail attachment preventing the sending of an e-mail, or any other reason, U.S. Mail is also acceptable.

10. Plaintiff submitted discussion topics on May 20, to defendant's identified for participation in the Rule 26(f) meeting scheduled for May 21. These topics were never discussed. Plaintiff requests this Court's consideration for the following:

    A. Plaintiff requests this court authorize discovery go back a maximum of (8) years, one year prior to the first fraudulent charge identified on Plaintiff's Capital One credit card account.

    B. Up to three complete sets of Interrogatories be authorized, 25 questions for each set.

    C. Plaintiff is concerned consumer and credit reports, and perhaps other discoverable documents, which are known to contain sensitive information like social security numbers, birthdates and other similar information. This information needs to be protected by every means available, at all times, by each party, and by the court, so it is not released to the public at any time. Plaintiff hereby requests a protective order on any document containing sensitive information.

    D. Plaintiff anticipates deposing Mr. Richard Fairbank, CEO for *Capital One Financial Corporation*. Capital One maintains an office in Las Vegas, Nevada. Plaintiff is flexible on an exact date for Mr. Fairbanks to attend a deposition, but a preliminary order should be issued for Mr. Fairbank to be responsive to a Deposition request for appearance in Las Vegas.

    E. Plaintiff also included a proposed settlement offer in the discussion topics. Plaintiff wants this court to acknowledge that settlement proposals

demonstrate a good faith effort to resolve this case and compel defendants to contribute their proposals as well.

Dated:  May 21, 2015

/s/ Patrick Sharpless
_____
Patrick Sharpless, *Plaintiff, pro se*